# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

DONNA CHARLENE CARDER,     )
                                  )
      Plaintiff,                )
                                  )
      v.                      )        No. 6:20-CV-03151-DGK
                                  )
ANDREW SAUL,                 )
Commissioner of Social Security,     )
                                  )
      Defendant.           )

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Donna Charlene Carder's application for supplemental security income based on disability under Title XVI of the Act, 42 U.S.C. §§ 1381 *et. seq*. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of morbid obesity, degenerative disc disease and degenerative joint disease of the lumbar spine, tendinosis of the right hip, history of right rotator cuff tear, status-post acromioplasty, distal clavicle resection, and rotator cuff repair, chronic obstructive pulmonary disease, hypertension, bipolar II disorder, and social anxiety disorder. He also found that she retained the residual functional capacity ("RFC") to perform jobs found in significant numbers in the national economy.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

### Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application for benefits on March 3, 2017, alleging a disability-onset date of February 1, 2007. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing on April 2, 2019, and on May 30, 2019, issued a decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on May 30, 2020, leaving the ALJ's decision as the Commissioner's final decision. As Plaintiff has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole and whether the ALJ committed any legal errors. *Igo v. Colvin,* 839 F.3d 724, 728 (8th Cir. 2016). Substantial evidence is less than a preponderance but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin, 789 F.3d 847, 852* (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close"). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011).

**Discussion**

The Commissioner follows a five-step evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at step four by crafting an RFC unsupported by substantial evidence. Plaintiff makes two specific arguments; both are unavailing.

First, she contends the RFC is not supported by substantial evidence because it does not include any limitation regarding Plaintiff's ability to adapt. The Code of Federal Regulations defines the ability to adapt as the

> "abilit[y] to regulate emotions, control behavior, and maintain well-being in a work setting. Examples include: Responding to demands; adapting to changes; managing your psychologically based symptoms; distinguishing between acceptable and unacceptable work performance; setting realistic goals; making plans for yourself independently of others; maintaining personal hygiene and attire appropriate to a work setting; and being aware of normal hazards and taking appropriate precautions.

20 C.F.R. Part 404, Subpt. P, App'x 1, 12.00(E)(4). Plaintiff argues that, because the ALJ found at step three that Plaintiff suffered from a mild limitation in her ability to adapt, the ALJ was required to account for such a limitation in the RFC. Plaintiff also argues that the RFC is unsupported because the ALJ found Dr. Erin Maclin's, Psy. D, narrative statement—in which Dr.

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) [her] impairments, alone or combined, are medically severe; (3) [her] severe impairments meet or medically equal a listed impairment; (4) [her] residual functional capacity precludes [her] past relevant work; and (5) [her] residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 416.920(a)–(g). Through step four of the analysis the claimant bears the burden of showing she is disabled. After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Maclin stated that Plaintiff had a "limited ability to interact with others routinely and adapt to her environment" and a "limited ability to reason and make work related decisions," R. at 687—largely supported by the record, but nonetheless failed to include any corresponding limitations in the RFC; R. at 15, 21.

However, the RFC does include limitations regarding Plaintiff's ability to adapt:  It limits Plaintiff to "simple, routine repetitive tasks in other than fast paced production environments requiring no contact with the general public and occasional, superficial interaction with coworkers and supervisors."  R. at 15, 20.  Further, the record supports the ALJ's decision not to include additional limitations on Plaintiff's ability to adapt.  Plaintiff resides with her disabled husband and prepares meals for him and for herself.  R. at 60, 280.  She is able to do housework if she takes breaks.  R. at 60–61.  She shops in stores when her husband is with her.  R. at 61–62.  She has no issues managing her own personal care, R. at 279, and has presented to treating and examining physicians with good hygiene, R. at 378, 394, 401, 407, 414, 647, 701, 711.  In addition, Plaintiff reported that she is able to handle work if she is away from people.  R. at 487.  Granted, there is evidence in the record indicating Plaintiff has a poor frustration tolerance and does not handle stress or changes in routine well.  R. at 289, 489.  But just because the evidence might support an alternate outcome does not mean the ALJ erred.  *See Buckner,* 646 F.3d at 556.  It is the ALJ's role, not the Court's, to weigh conflicting evidence in the record.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015).

Plaintiff's second argument is that the RFC is not supported by substantial evidence because the ALJ failed to state why he found that Plaintiff's allegation that her lower back pain forces her to lie down for twice per day for twenty minutes at a time was not supported by the evidence.  Pl.'s Br. 15, ECF No. 9.  Plaintiff argues the ALJ failed to comply with SSR 16-3P's

requirement that the RFC determination "contain specific reasons for the weight given to the individual's [description of her physical impairment], be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's [description of her physical impairment]." SSR 16-3P, 2016 WL 1119029 at *9 (Mar. 16, 2016); Pl.'s Br. 15.

The ALJ complied with SSR 16-3p. The ALJ noted that Plaintiff testified that her back pain required her to lie down "once or twice per day" for twenty minutes. R. at 16. The ALJ then concluded that Plaintiff's symptoms were less limiting than she had alleged. R. at 17. The ALJ based this evaluation on diagnostic imaging showing "moderate chronic degenerative spondylosis of the lumbar spine, most prominent at the L4-L5 level, with grade 1 antherolisthesis seen with L4 on L5;" Plaintiff's conservative management of her back pain "with injection therapy and radio frequency ablation through a pain management clinic;" the fact that Plaintiff has not seen a medical professional regarding her back pain since June 2017 and, with the exception of her hearing testimony that her back pain significantly worsened in December 2018, has not reported ongoing back pain or an increase in back pain since July 2017. *Id.* The ALJ also noted that despite Plaintiff's limited range of motion in her lumbar spine, she has a mostly full range of motion in her upper and lower extremities, full strength in her major muscle groups, a normal straight leg raise test, an unremarkable gait and station, and walks without using an assistive device. R. at 18–19. These are clearly articulated, specific reasons why the ALJ discounted Plaintiff's allegation, and they are supported by evidence in the record. R. at 349, 363, 365–67, 495, 625–27, 631, 632, 728–29, 737. As such, the ALJ complied with SSR 16-3P.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  June 21, 2021        /s/ Greg Kays
                            GREG KAYS, JUDGE
                            UNITED STATES DISTRICT COURT